Merrimack, {
   Dec., 1899. {

### GUAY v. KEHOE & a.

In the absence of an agreement, a landlord is not liable for the value of improvements made by his tenant.

ASSUMPSIT. Facts found by a referee. In 1896, the defendant Mary Kehoe had an equitable and later a legal title to certain real estate, a part of which she let the plaintiff have the use of for $5 per year. At this time he wanted to buy or lease, but she declined on the ground that she did not have a perfect title. Within the year, he cleared the land and erected some small buildings on it, for which he claims to recover. These improvements were made with the knowledge of Kehoe, but not with any definite arrangement or understanding between the parties. February 17, 1897, she conveyed the premises to the defendant Ann Dixon. Guay, after the expiration of the year for which he hired the premises, paid a monthly rental to Dixon. He made some improvements on the premises after the sale, but against her objection. The court ordered judgment for the defendants, and the plaintiff excepted.

*David W. Perkins*, for the plaintiff.

*Sullivan & Broderick*, for the defendants.

WALLACE, J. The plaintiff has no rights against the defendants, or either of them, arising out of a partially executed oral contract to purchase the land, as claimed by him, because the case discloses no such contract. Neither does it show an express or implied promise to pay for the improvements which the plaintiff made. He made the improvements for which he seeks to recover while in the occupation of the premises as a tenant. His labor in

clearing and otherwise improving the land was performed for his own benefit and to enhance his enjoyment of the leased premises. No reason appears why the defendants, or either of them, should pay for this labor.

*Exception overruled.*

PIKE, J., did not sit: the others concurred.